IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARQUISE WILLIAMS,**

    Petitioner,

v.                                     Case No. 4:18cv478-RH/CAS

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about October 17, 2018, Petitioner Marquise Williams, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking federal jail credit. ECF No. 1. He has not submitted the petition on the proper form, nor has he submitted the $5.00 filing fee or a motion for leave to proceed in forma pauperis.

Petitions under section § 2241 are properly filed in the jurisdiction in which the petitioner is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). In this case, Petitioner Williams is confined at the Canaan U.S. Penitentiary in Waymart, Pennsylvania. See ECF 1; www.bop.gov/inmateloc.

Waymart is located in Wayne County, in the Middle District of Pennsylvania.   *See* 28 U.S.C. § 116(b).

Because Petitioner Williams is not incarcerated in the Northern District of Florida, this court lacks jurisdiction over the habeas petition. Therefore, it is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 29, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv478-RH/CAS